UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MITCHELL,<br><br>    Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>    Respondent. | Civil Action No. 20-10285 (FLW)<br><br><br>MEMORANDUM AND ORDER |

    Petitioner Michael Mitchell, a state prisoner currently incarcerated at South Woods State Prison, has filed a habeas petition pursuant to 28 U.S.C. § 2254.  He seeks to challenge the seizure of $3000.00 from his prison account pursuant to a restitution order imposed in connection with his 2014 state court robbery sentence.  This Court must screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and order an answer if it concludes "that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …."

    Prior to conducting its screening, the Court will provide Petitioner with the required notice pursuant to pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000).[1]  Petitioner asserts a single claim for relief but states that he wishes to bring additional claims for relief in connection with his 2014 state court robbery conviction once he exhausts those claims in state court.  The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), however, has a restrictive effect

---

[1] Petitioner signed portion of the form advising him of his rights pursuant to *Mason*, but he does not appear to understand that a petitioner is generally not permitted to bring multiple habeas petitions challenging the same conviction.

1

on successive habeas petitions, and a petitioner must generally bring all his claims in one all-inclusive petition or risk losing the ability to bring additional claims.

It is not clear if Petitioner has exhausted his remaining claims with respect to his 2014 state court robbery conviction by bringing those claims to each level of the state court. Within 45 days of the date of this Order, Petitioner shall elect one of the following three options: 1) withdrawal the instant Petition without prejudice to his filing of a new petition once he exhausts his remaining claims in state court; 2) submit an amended petition that includes <u>all his federal claims</u>; 3) or have the Court screen the Petition as filed.[2] If Petitioner elects to have the Court screen the Petition as filed, Petitioner may lose his opportunity to bring any additional claims in connection with his 2014 state-court robbery conviction.

Furthermore, Petitioner's challenge to the allegedly illegal seizure of funds from his prison account does not implicate the fact of his conviction or length of his sentence, as required for habeas relief. Section 2254 permits a federal court to grant a state prisoner the writ of habeas corpus if the prisoner demonstrates that "he or she is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The purpose of a habeas petition is to challenge the fact of a criminal conviction or the duration of a sentence, and its function is to secure release from illegal custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is

---

[2] The Court will not address the timeliness of Petitioner's original Petition at this time. However, if the § 2254 Petition originally filed with this Court was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), the Court will toll the statute of limitations from the date Petitioner handed the § 2254 Petition (ECF No. 1) to prison officials for mailing to the Clerk of this Court until 45 days after the date of the entry of this Order. *See Mason*, 208 F.3d at 419; *Floyd v. Ricci*, No. 9–5338, 2010 WL 2836611, at *3 (D.N.J. 2010). Thus, if the Court ultimately finds that Petitioner's original application was timely, Petitioner's amended petition filed within 45 days of the date of this Order shall also be timely.

an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988) ("a district court's power to grant a writ of habeas corpus under § 28 U.S.C. 2254 is limited ... to directing [the petitioner's] release from custody").[3]

Although the Third Circuit has not squarely addressed whether challenges to restitution are cognizable in habeas petitions, *see Gardner v. Bledsoe*, 415 F. App'x. 384, 386 n.2 (3d Cir. 2011), other circuit courts have held that they are not. *See, e.g.*, *United States v. Bania*, 787 F.3d 1168, 1173 (7th Cir. 2015) (finding that a § 2255 motion "cannot be used as a vehicle for challenging the restitution component of a sentence"); *Shepard v. United States*, 735 F.3d 797, 798 (8th Cir. 2013) (finding that petitioner "cannot challenge the restitution portion of his sentence under section 2255, because the statute affords relief only to prisoners claiming a right to be released from custody," even when his claim is one of ineffective assistance of counsel); *United States v. George*, 411 F. App'x. 31, 33 n. 1 (9th Cir. 2010) (stating that "a § 2255 motion may not be used to challenge [the restitution] aspect[ ] of a sentence."); *Kirby v. Janecka*, 379 F. App'x. 781, 783 (10th Cir. 2010) (finding habeas challenge to restitution order not cognizable under § 2254 because it does not challenge the validity of petitioner's custody); *Kaminski v. United States*, 339 F.3d 84, 89 (2d Cir. 2003) (finding habeas challenge to the propriety of restitution order was not cognizable upon motion to vacate, even though defendant was in custody at time he filed motion, where motion did not attack the imprisonment sentence, but only

---

[3] In contrast, "when the challenge is to a condition of confinement such that a finding in [a state prisoner's] favor would not alter his sentence or undo his conviction, [a civil rights] action under [42 U.S.C.] § 1983 is appropriate." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *Preiser*, 411 U.S. at 494 ("If a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release–the traditional purpose of habeas corpus.  In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

the restitution order); *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (order of restitution is insufficient to satisfy the "in custody" requirement of a habeas petition).

Other courts in this district have reached the same conclusion. *See Chavarriaga v. Lanigan*, No. CV 12-7700, 2017 WL 3079843, at *4–5 (D.N.J. July 19, 2017); *Kolasinac v. United States*, No. 13–1397, 2016 WL 1382145 at *5 (D.N.J. Apr. 7, 2016); *Judge v. United States*, 119 F. Supp. 3d 270, 282 (D.N.J. 2015); *Royal v. Balicki,* No. 07–5234, 2009 WL 137335, at *13 n.7 (D.N.J. Jan. 20, 2009).

In the instant Petition, Petitioner asks the Court to find that his funds were seized illegally from his prison account, and that the New Jersey Appellate Division erred in upholding the administrative decision permitting the seizure of the funds.  Such findings do not implicate the fact of Petitioner's conviction or the duration of his sentence, and Petitioner does not seek release from custody as a form of relief.  Moreover, it appears that Petitioner challenged the seizure of the funds through an administrative proceeding and not in his criminal case.  For all these reasons, it appears that this claim is not properly brought through habeas and would be subject to dismissal pursuant to the Court's screening authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has also filed a motion for pro bono counsel.  ECF No. 3.  The Court begins by noting that there is no constitutional right to counsel in a federal habeas corpus proceeding.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).  Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *see also Thompson v. D'Ilio*, 2018 WL 6182431, at *2 (D.N.J. 2018).

In determining whether the interests of justice require appointment of counsel, the Court considers whether the petitioner has presented a meritorious claim. *See Biggins v. Snyder*, Civ. No. 99-188, 2001 WL 125337, at *3 (D. Del. Feb. 8, 2001) (citing *Reese*, 946 F.2d at 263-(other citations omitted)).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. *See Biggins*, 2001 WL 125337, at *3 (citing *Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457-58; *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993)) (other citations omitted).  "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently h[er] contentions, the court would not abuse its discretion in declining to appoint counsel." *Biggins*, 2001 WL 125337, at *3 (citations and internal quotation marks omitted).

Here, Petitioner paid the $5.00 filing fee and has not submitted an affidavit of poverty pursuant to L. Civ. R. 81.2(b).  As such, he has not established that he is financially eligible for purposes of appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).  Even if Petitioner could establish his financial eligibility, the Court finds that appointment of counsel is not warranted at this time because the sole claim asserted in the Petition is not cognizable as a habeas claim.  For these reasons, the motion for pro bono counsel, ECF No. 3, is denied WITHOUT PREJUDICE.

**IT IS, THEREFORE**, on this 14th day of January 2021,

**ORDERED** that the Clerk of the Court shall send Petitioner a blank habeas form for state prisoners, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the motion for pro bono counsel, ECF No. 3, is denied WITHOUT PREJUDICE; and it is further

**ORDERED** that within 45 days of the date of this Order, Petitioner shall elect one of the following options: 1) withdrawal his current Petition without prejudice to his filing of a new petition once he exhausts his remaining federal claims in state court; 2) submit an amended petition that includes <u>all his federal claims</u>; 3) or have the Court screen the Petition as filed; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case pending Petitioner's response to the Court's Memorandum and Order; and it is further

**ORDERED** that once Petitioner makes his election; the Court will reopen this matter for adjudication; and it is further

**ORDERED** that if Petitioner fails to respond to this Order, the Court will screen the Petition as filed, which may result in the dismissal of the Petition with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

<u>s/Freda L. Wolfson</u>
Freda L. Wolfson
U.S. Chief District Judge