UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MITCHELL,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br><br>Respondent. | Civil Action No. 20-10285 (FLW)<br><br><br>MEMORANDUM AND ORDER |

It appearing that:

1. Petitioner Michael Mitchell, a state prisoner currently incarcerated at South Woods State Prison, filed a habeas petition pursuant to 28 U.S.C. § 2254, seeking to challenge the seizure of $3000.00 from his prison account pursuant to a restitution order imposed in connection with his 2014 state court robbery sentence.

2. Prior to conducting its screening, the Court provided Petitioner with the required notice pursuant to pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000).[1] *See* ECF No. 5. The Court explained the implications of The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), which has a restrictive effect on successive habeas petitions, and generally requires a petitioner to bring his claims in one all-inclusive petition or risk losing the ability to bring additional claims. *Id.* The Court provided Petitioner 45 days to elect one of the following three options: 1) withdrawal the instant Petition without prejudice to his filing of a new petition once

---

[1] Petitioner asserted a single claim for relief but states in his Petition that he wishes to bring additional claims for relief in connection with his 2014 state court robbery conviction once he exhausts those claims in state court.

he exhausts his remaining claims in state court; 2) submit an amended petition that includes <u>all</u> <u>his federal claims</u>; 3) or have the Court screen the Petition as filed.[2] *Id.*

3. By letter dated February 16, 2021, Petitioner requested to withdraw this Petition without prejudice to his filing of a new petition once he exhausts his state law claims for relief. ECF No. 6. The Court will grant his request.

4. The Court notes, however, that Petitioner has <u>not</u> informed the Court as to whether his state court proceedings with respect to his 2014 robbery conviction are still pending, and the Court makes no determination as to whether this petition is timely filed or whether a new petition would be timely filed pursuant to the one-year limitations period under AEDPA.[3]

**IT IS, THEREFORE**, on this 25th day of February 2021,

**ORDERED** that Petitioner's request to withdraw the Petition without prejudice to his filing of a new petition once he exhausts his remaining claims in state court is **GRANTED**; and it is further

**ORDERED** that the Court makes no determination about whether this petition is timely or whether his new petition would be timely filed under AEDPA; and it is further

---

[2] The Court also denied his motion for pro bono counsel, ECF No. 3, without prejudice.

[3] AEDPA generally requires a state prisoner file his or her federal habeas petition within one year after his or her conviction becomes final. *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

3

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file and **CLOSE** this case accordingly.

*s/Freda L. Wolfosn*
Freda L. Wolfson
U.S. Chief District Judge
